OGLOZA FORTNEY LLP
   Darius Ogloza (SBN 176983)
    *dogloza@oglozafortney.com*
   David Fortney (SBN 226767)
    *dfortney@oglozafortney.com*
535 Pacific Avenue, Suite 201
San Francisco, California 94133
Telephone: (415) 912-1850
Facsimile: (415) 887-5349

Attorneys for Plaintiff
VERSION2 TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSION2 TECHNOLOGY, INC., a Delaware Company,<br><br>        Plaintiff,<br><br>    v.<br><br>NEILMED PHARMACEUTICALS, INC., a California corporation,<br><br>        Defendant. | **CASE NO.** _____<br><br>**COMPLAINT FOR:**<br><br>1. **ATTEMPTED MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT**<br>2. **DECLARATORY RELIEF**<br>3. **VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Version2 Technology, Inc., ("Version2" or "Plaintiff") alleges against defendant NeilMed Pharmaceuticals, Inc., ("NeilMed" or "Defendant") as follows:

## THE PARTIES

1. Version2 is a corporation organized under the laws of Delaware with its principal place of business in Novato, California.

2. NeilMed is a corporation organized under the laws of California with its principal place of business in Santa Rosa, California.

## JURISDICTION AND VENUE

3. This action arises under the antitrust laws of the United States, and more particularly Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 4 of the Clayton Act, 15 U.S.C. § 4, and under the laws of the State of California.

4. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331 and 1337. This court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California and because the willful actions described herein took place in the State of California.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial district.

## PLAINTIFF VERSION2 AND ITS PRODUCTS

7. Version2 is a pharmaceutical company that uses new age technologies to innovate and promote its ClearNasal nasal irrigation product. ClearNasal is Version2's only product and is not and, at relevant times, has not been available for sale to the public due to the anticompetitive actions described herein.

## DEFENDANT NEILMED AND ITS PRODUCTS

8. NeilMed was founded in January 2000 by Ketan C. Mehta, M.D., and Nina Mehta. Today, NeilMed is the self-proclaimed "largest manufacturer and supplier of" nasal irrigation systems in the world.

9. NeilMed is also self-described as the "#1 Brand in North America" for nasal irrigation devices.

10. NeilMed manufactures and supplies a wide variety of nasal and sinus care products including adult nasal irrigation isotonic, adult nasal irrigation extra strength hypertonic, nasal irrigation for babies and children, sterile saline spray, products for dry nose, an electrical nasal irrigator, and nasal decongestant spray. NeilMed has over twenty-two nasal irrigation devices, including the flagship Sinus Rinse™ and the NeilMed NasaFlo® Neti Pot.

**THE RELEVANT MARKET AND NEILMED'S MARKET POWER**

11. The relevant geographic market is the United States.

12. The relevant product market is the market for nasal irrigation devices sold at retail to consumers.

13. On information and belief, for almost a decade, NeilMed has retained an extremely high market share of the relevant product market, consistently in excess of 70%. On further information and belief, NeilMed has monopoly power in the relevant market.

14. NeilMed's anticompetitive behavior has served as an unlawful barrier to entry in the relevant market. The anticompetitive acts alleged herein, including NeilMed's continued pursuit of a costly and objectively baseless state court litigation against Version2 and its principal, Vish Akella, solely for the purpose of extracting as a concession from Version2 a remedy that is unavailable to it as a matter of law and that, if so extracted, would foreclose a substantial amount of competition, have impaired Version2's ability to enter into the relevant market and, on information and belief, have caused other potential competitors and potential financing sources from developing and/or financing the development and sale of competitive products.

**BACKGROUND OF THE DISPUTE**

15. On March 27, 2014, NeilMed filed an action in Sonoma County Superior Court against its former employee, Sarveswara Rao Basa ("Basa"), Basa's wholly-owned consulting arm, Design2Reality, LLC ("Design2Reality"), and Basa's then-employer, Version2, as well as Vish Akella, Version2's president. The litigation was subsequently transferred to Marin Superior Court by agreement of the parties.

16. NeilMed's complaint asserted that, while employed at NeilMed, Basa developed an angled bottle cap prototype that embodied certain NeilMed trade secrets. The complaint further alleged that Basa, in the process, disclosed confidential NeilMed information and otherwise breached his contractual and fiduciary obligations to NeilMed and, based on the foregoing conduct, engaged in unfair business practices under California's Unfair Competition Law ("UCL").

17. The state court complaint also alleged that Version2 and Vish Akella unlawfully interfered with NeilMed's contract with Basa, aided and abetted Basa's alleged breach of his fiduciary obligations to NeilMed, and, based on this conduct, engaged in unfair business practices under the UCL.

18. On June 16, 2014, NeilMed and Basa entered into a Stipulation to Arbitrate before the JAMS organization pursuant to a pre-existing arbitration agreement. In the ensuing arbitration proceeding, NeilMed asserted its claims against Basa and requested injunctive relief, compensation for unjust enrichment caused by the alleged misappropriation, as well as compensatory and exemplary damages, and attorneys' fees.

19. On September 30, 2015, the arbitrator, the Honorable William J. Cahill, issued a Final Arbitration Award, finding that NeilMed failed to establish that any of the asserted trade secrets were in fact trades secrets or that any purported trade secrets were misappropriated by Basa. The arbitrator also determined that Basa had not shared any confidential information of Neilmed's with any other persons. The sole issue as to which the arbitrator found for NeilMed concerned the fact that Basa had begun to develop the angled bottle cap before he resigned from NeilMed and, thereby, breached his duty of loyalty and certain contractual obligations to his employer. Basa was directed to return all documentation and prototypes of the angled bottle cap he had developed while still employed at NeilMed.

20. Notably, the arbitrator declined to award any monetary damages or disgorgement to NeilMed.

21. Basa has fully complied with the Arbitrator's Award. All of the angled cap prototypes have been returned to NeilMed and all associated documentation has been destroyed.

1    Further, Basa has resigned as an officer and has left his employment at Version2.

2    22.    Although it had been finally determined in the arbitration proceeding that none of its trade secrets had been misappropriated, that none of its confidential information had been disclosed, and that it had incurred no damages as a result of any alleged misconduct by Basa, NeilMed remained unsatisfied with this resolution of its litigation.  By letter dated October 29, 2015, NeilMed, through its counsel, made clear that it intended to pursue the pending state court litigation against Version2, despite the fact that continuing this litigation, in light of the Arbitrator's findings, could achieve no legitimate litigation objective.

23.    Furthermore, although it could no longer claim any rights arising under state trade secret law and could point to no applicable patent right, NeilMed's October 29, 2015 letter further asserted that the Arbitrator's award gave NeilMed the right to stop Version2 from selling any product "derived" from the angled cap prototype developed by Basa, thereby confirming that that NeilMed's true intention was to foreclose competition from Version2.

24.    Further communications have made it abundantly clear that NeilMed's principal purpose in pursuing this sham litigation is to prevent Version2 from re-entering the market to sell any nasal irrigation products.

25.    The litigation being pursued by NeilMed in Marin Superior Court is objectively baseless.  Critically, there is no justification for NeilMed's position that the arbitration award entitles it to bar anyone, including Version2, from using products derived in whole, or in part, from the angled cap prototype, let alone any and all "angled caps" in general, which NeilMed continues to assert in its pleadings in the state court case and in correspondence.

26.    As explained above, it has been conclusively determined in the arbitration that the angled cap developed by Basa does not contain any of NeilMed's trade secret information, is not protected by any patent and, accordingly, there is no legal theory entitling NeilMed to such broad relief.

27.    Moreover, the theories on which NeilMed did prevail at the arbitration proceeding establish ownership to NeilMed only of the angled cap prototype that Basa developed while employed at NeilMed and the related design documentation developed there.  On information and

belief, NeilMed knows that ownership of the angled cap prototype, without trade secret or patent protection, as a matter of law, provides no rights over any allegedly derivative product, yet continues to assert this claim solely for the purpose of foreclosing competition.

28. Moreover, nothing in the arbitration award prohibits Version2 from independently developing and using an angled cap for its ClearNasal products.

29. The specific relief requested in NeilMed's state court complaint is further evidence that NeilMed is improperly attempting to use litigation to prevent Version2 from selling nasal irrigation products. NeilMed requests an injunction against Version2 preventing it from selling any product "based on" or "derived from" the angled cap prototype. *See* Second Amended Complaint at ¶ 60 and the Prayer for Relief, attached hereto as Exhibit A. Upon information and belief, NeilMed's sole purpose in pursuing the state court litigation against Version2 is to prevent Version2 from competing with NeilMed in the nasal irrigation market. Indeed, NeilMed's aim is to use the litigation to illegally extend its substantial market power in that market, injuring competition and consumers. NeilMed's attempt to secure injunctive relief against Version2 is objectively baseless as NeilMed has no legal theory under which it could conceivably be entitled to such relief.

## FIRST CAUSE OF ACTION

## ATTEMPTED MONOPOLIZATION IN RESTRAINT OF TRADE

30. Version2 reasserts and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

31. Version2 brings this action pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 4 of the Clayton Act, 15 U.S.C. § 4. NeilMed has engaged in an unlawful attempt to restrain trade and to attempt to monopolize commerce in the United States.

32. The relevant market is the market for nasal irrigation devices.

33. NeilMed has substantial market power in the relevant market. Upon information and belief, NeilMed's share of the relevant market exceeds 70%. NeilMed's use of the state court proceedings proves a specific intent of attempting to monopolize the nasal irrigation market. Given NeilMed's broad market power, there is a dangerous possibility they will be successful.

34. NeilMed's act of attempting to secure injunctive relief prohibiting Version2 from selling any derivative nasal irrigation devices, and indeed attempting to use the litigation to prevent Version2 from entering the nasal irrigation market in any capacity, despite having no objective legal basis for doing so, was intended to, and has, unreasonably restrained trade and inhibited competition in the relevant market.

35. NeilMed's actions throughout the course of the underlying litigation further indicate a subjective intent to use the pending state court proceedings to interfere with and/or destroy a competitor's business.

36. As a direct result of NeilMed's actions and the effects thereof, the business operations of Version2 have been substantially impacted and Version2 has suffered significant business damages. NeilMed's sham litigation has successfully prevented Version2 from re-entering the nasal irrigation market.

37. Pursuant to Section 4 of the Clayton Act, 15 U.S.C § 15, Version2 is entitled to recover treble damages and its reasonable attorney's fees and expenses.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF

38. Version2 reasserts and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

39. NeilMed is attempting to obtain an injunction preventing Version2 from using any angled cap "based on" or "derived" from the angled cap prototype.

40. Version2 denies that NeilMed is entitled to such relief or that it has any objective legal basis for seeking such relief.

41. NeilMed's actions indicate a subjective intent to use pending state court proceedings to interfere with and/or destroy Version2's business.

42. Therefore, an actual controversy has arisen and a judicial determination is necessary and proper to resolve this controversy and to determine the parties' respective rights and obligations.

43. Version2 seeks a judicial determination of its respective rights and obligations.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION – BUSINESS AND PROFESSIONS CODE §§17200 *et seq.*

44.     Version2 reasserts and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

45.     NeilMed's conduct as alleged herein constitutes unfair competition in violation of California Business and Professions Code sections 17200 *et seq*.  NeilMed's conduct in using the state court litigation to prevent Version2 from entering the nasal irrigation market is for the sole purpose of illegally attempting to gain a monopoly in that market.  This action hurts competition and constitutes unlawful, unfair, and deceptive business practices establishing unfair competition in violation of California Business & Professions Code section 17200 *et seq*.

46.     As a direct and proximate cause of the actions of unfair competition and unfair business practices alleged herein, NeilMed has unlawfully and wrongfully derived, and will continue to unlawfully derive, income and profits.  Additionally, Version2 has lost money and property as a result of NeilMed's wrongful and unlawful conduct.

47.     By reason of the foregoing actions of unfair competition and unfair business practices, Version2 is entitled to restitution from NeilMed in an amount to be determined according to proof at trial.

48.     The unlawful acts and unfair competition by NeilMed, unless and until restrained by order of this court, will cause great and irreparable harm to Version2's business.

49.     Version2 has no adequate remedy at law for the injuries currently being suffered and it will continue to suffer great injury because unless restrained, NeilMed will continue to engage in unfair competition by unlawfully using its market power to harm competition in the market for nasal irrigation devices.

## PRAYER FOR RELIEF

WHEREFORE, Version2 prays for judgment against NeilMed, as follows:

1.     For a preliminary and permanent injunction prohibiting NeilMed from further anticompetitive acts in violation of the antitrust laws of the United States;

2.     An award of damages, together with interests and costs, to compensate Version2

for violations of the antitrust laws of the United States, including lost profits and damages to reputation, and an increase in all such damages as allowed under the antitrust laws of the United States;

    3.    An award of attorneys' fees and all other costs incurred in this action;

    4.    Restitution in an amount to be determined by this Court;

    5.    A declaration from the Court that NeilMed is not entitled to an injunction prohibiting Vesion2 from using caps "based on" or "derived" from the angled cap prototype of otherwise from entering the market for nasal irrigation devices; and

    6.    For such other and further legal or equitable relief as the court deems just and proper.

    7.    Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, plaintiff Version2 Technology, Inc. hereby demands a jury trial.

Dated:  August 17, 2016        OGLOZA FORTNEY LLP

By:   /s/ Darius Ogloza
      Darius Ogloza
      Attorneys for Plaintiff
      Version2 Technology, Inc.